UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81377-CIV-COHN/SELTZER

EDITH C. PETERSON,

    Plaintiff,

vs.

INTERNAL REVENUE SERVICE,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Temporary Restraining Order [DE 14] ("TRO Motion") and Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and Opposition to Motion for Temporary Restraining Order [DE 16] ("Motion to Dismiss") (collectively "Motions"). The Court has carefully considered the Motions, Plaintiff's "Motion Subject Matter Jurisdiction Be Upheld and Support for this Action" [DE 24], which the Court construes as a response to the Motion to Dismiss ("Response"), the record in the case, and is otherwise fully advised in the premises.

I. BACKGROUND

Plaintiff Edith Peterson ("Plaintiff") commenced this action against Defendant Internal Revenue Service ("Defendant" or "IRS") on December 18, 2012. When there was no indication that the Complaint had been served in accordance with Federal Rule of Civil Procedure 4(m), the Court issued an order to show cause. See DE 5. When Plaintiff failed to respond to the Order to Show Cause, the Court entered an order

dismissing the case without prejudice.  See DE 6.  Nearly a month after the case was closed, Plaintiff filed a motion to reopen the case in which she asserted that she had effectuated service.  See DE 7.  Because it was apparent to the Court that Plaintiff had failed to serve the United States in accordance with Rule 4(I), the Court denied the motion to reopen without prejudice and granted Plaintiff an extension of time to serve the United States.  See De 8.  After Plaintiff demonstrated proper service of the Complaint, the Court granted Plaintiff's renewed motion to reopen on July 2, 2013.  See DE 11.

In her three page Complaint, Plaintiff, proceeding *pro se*, alleges that she received an IRS levy on a Region Bank account she owned for unpaid taxes for the tax period ending December 31, 2008, totaling $75,576.97.  Compl. [DE 1] ¶ 5.  This amount comprises $62,263.82 in unpaid taxes and an additional $13,313.15 in statutory fees.  Id.  The levy was dated December 6, 2012 and was related to unpaid taxes on an annuity with Jackson National Life Insurance Company.  Id. ¶¶ 4-5.  Plaintiff seeks that the Court stay the levy order, dismiss the levy, and stay garnishment of the funds contained in the Regions Bank account.  Id. ¶¶ 6-8.  On July 26, 2013, Plaintiff filed the TRO Motion.  See DE 14.  The TRO Motion seeks to enjoin the Regions Bank levy described in the Complaint as well as an additional levy dated July 10, 2013, upon Plaintiff's social security benefits.  TRO Motion at 2.[1]  Defendant opposes the issuance of a TRO and seeks to dismiss the Complaint pursuant to Federal Rule of Civil

---

[1] It appears from exhibits attached to Plaintiff's affidavit that the IRS has an additional claim against the Plaintiff for unpaid tax revenue in tax year 2009 of $32,623.36.  See DE 15 at 6.

2

Procedure 12(b)(1).  Plaintiff opposes dismissal of the Complaint for lack of subject matter jurisdiction.

## II. DISCUSSION

An action may proceed in this Court only if federal subject matter jurisdiction exists.  Lifestar Ambulance Serv., Inc. v. United States, 365 F.3d 1293, 1295 (11th Cir. 2004), cert. denied, 543 U.S. 1050 (2005).  Federal Rule of Civil Procedure 12(b)(1) permits litigants to move for dismissal when the court lacks jurisdiction over the subject matter of the dispute.  Fed. R. Civ. P. 12(b)(1).  Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms:

> "Facial attacks" on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.  "Factual attacks," on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.

Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (citations omitted).  Here, Defendant appears to have raised both a facial and factual challenge to the Complaint, arguing first that Plaintiff's claims are moot and second that the Anti-Injunction Act, 26 U.S.C. § 7421, bars the relief Plaintiff seeks.

"Article III of the Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189 (11th Cir. 2011) (quoting Socialist Workers Party v. Leahy, 145 F.3d 1240, 1244 (11th Cir. 1998)).  "There are 'three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement.'" Id. (quoting Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010)).  "An issue is

3

moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).

Defendant first argues that this Court lacks subject matter jurisdiction to hear Plaintiff's claim because the relief sought in the Complaint is now moot.  Motion at 3.  Specifically, Defendant contends that because Plaintiff now claims that the levy referenced in the Complaint was executed, the Court can no longer grant Plaintiff the relief she seeks.  Id. at 3-4 (citing TRO Motion at 1).  In opposition, Plaintiff appears to assert that because she filed the Complaint prior to the execution of the levy order dated December 6, 2012, this Court has subject matter jurisdiction.  The Court disagrees.  Courts "do not determine questions of justiciability simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc., 662 F.3d at 1189-90 (quoting Preiser v. Newkirk, 422 U.S. 395 (1975)).  Additionally, Plaintiff did not file the TRO Motion until after the December 6, 2012 levy order was executed.  Because the Court cannot stay execution of the levy order described in the Complaint, the Complaint must be denied as moot.

Alternatively, Defendant argues that the relief sought in the Complaint is barred by the Anti-Injunction Act, 26 U.S.C. § 7421 ("the Act").  Motion at 4.  According to Defendant, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a).  Thus, under the Act, the Court cannot hear an action to enjoin the

4

collection of taxes except in rare and compelling circumstances.  See Matthes v. United States, 901 F.2d 1031, 1033 (11th Cir. 1990).  The Court agrees with Defendant that none of the statutory exceptions to the Act are present here.  See Motion at 5-6.  Moreover, the Complaint must be dismissed because Plaintiff has failed to plead any facts establishing that the United States cannot prevail under any set of circumstances and Plaintiff has an adequate remedy at law.  See Matthes, 901 F.2d at 1033; Motion at 7-9.  As Defendant points out, the Internal Revenue Code provides that a taxpayer may challenge an IRS assessment or determination through a suit for refund, as outlined in 26 U.S.C. § 7422.  See Motion at 8.  Thus, because Plaintiff has an adequate remedy at law, this Court does not have equitable jurisdiction over her claim.

Finally, Defendant argues that the TRO Motion should be denied as to the July 15, 2013 levy for the same reasons discussed above.  See Motion at 10.  The Court agrees.  Even if this levy was properly before the Court–which it is not, as it was not plead in the Complaint–no statutory exception to the Act is present.  Additionally, Plaintiff has failed to demonstrate that the United States cannot prevail under any set of circumstances or that she lacks an adequate remedy at law.  See Motion at 10.

Because the Court concludes that Plaintiff seeks relief which the Court cannot grant, the Court will grant the Motion to Dismiss and deny the TRO Motion.  Additionally, because the proper means for Plaintiff to challenge the IRS levies in the District Court is a suit for refund pursuant to 26 U.S.C. § 7422 and there is no indication that any of the prerequisites for maintenance of such a suit–i.e. payment of the disputed tax and filing of an administrative claim for refund–have been met, there is no basis for the Court to grant leave to amend, as the Court cannot determine that such a

claim is ripe.  See Motion at 8-9 (citing Flora v. United States, 362 U.S. 145, 177 (1960); Ishler v. IRS, 237 F. App'x 394, 398 (11th Cir. 2007); 26 U.S.C. § 7422.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Temporary Restraining Order [DE 14] is **DENIED**;

2. Defendant's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction and Opposition to Motion for Temporary Restraining Order [DE 16] is **GRANTED**;

3. The Complaint is **DISMISSED**; and

4. The Clerk is directed to **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of September, 2013.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.